JUSTICE BAKER
delivered the Opinion of the Court.
¶1 Elizabeth West, acting as Guardian Ad Litem for Peter Lee, and United Services Automobile Association and USAA Casualty Insurance Company (collectively USAA) dispute the effect of TRICARE medical payment hens on USAA’s responsibility to promptly pay Lee’s liability settlement claim against its insured. Lee asserted that USAA acted in bad faith by conditioning payment on resolving the TRICARE hens. The Eighth Judicial District Court agreed and held USAA liable for its insured’s $1,464,000 consent judgment.
¶2 We conclude that USAA had a reasonable basis in law to condition its payment of policy limits upon resolution of the TRICARE hens, and we therefore reverse.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 In December 2012, Lee and three other passengers were injured in a single vehicle accident. Lee sustained catastrophic injuries. The driver, Julian Perez, held a USAA insurance policy. All of the passengers were military servicemen covered by TRICARE, a government insurance program for military members and their families. TRICARE paid medical benefits for the passengers and therefore had a statutory right to recover the benefits it paid. TRICARE’s hens for the passengers’ combined medical expenses totaled over $215,000; more than $204,000 of the total were for Lee’s expenses alone.
¶4 USAA insured Perez under an automobile liability policy with coverage limits of $50,000 per person and $100,000 per accident. After conducting a liability investigation, USAA determined that Perez was *294 100% at fault for the accident. Because of the extent of Lee’s injuries, USAA informed Perez that he may be potentially liable for damages exceeding his coverage limits.
¶5 On August 21, 2013, Lee’s counsel—who represented all four injured passengers—made a settlement demand on USAA for Perez’s $100,000 policy limits. The letter stated that the offer would be withdrawn and that the claimants would seek to recover all of their damages from USAA if USAA did not agree to pay the policy limits in twenty days. One week later, USAA’s claims examiner contacted Lee’s counsel and offered to pay the full policy limits, provided that the TRICARE liens were addressed. Lee’s counsel immediately responded with a letter stating that his clients would indemnify and hold USAA harmless from any responsibility for the TRICARE liens.
¶6 On September 9, 2013, USAA responded, stating that the offer to indemnify was not sufficient to protect Perez or USAA from the TRICARE liens. USAA confirmed in writing its offer to pay the policy limits, provided either that TRICARE be included as a payee on the settlement check or that Lee’s counsel first secure lien releases from TRICARE. Lee’s counsel followed with a letter two days later, stating that his clients would indemnify both USAA and Perez from any responsibility for the TRICARE liens. The letter gave USAA a deadline of September 21. USAA did not respond by the deadline. In the meantime, both USAA and Lee’s counsel attempted to determine the status of TRICARE’s liens. In early November 2013, USAA received letters from the Air F orce providing notice of its claims and requesting payment of the liens pursuant to 42 U.S.C. § 2651. TRICARE finally agreed to waive its liens at the end of January 2014, and USAA issued a check for the policy limits of $100,000 six weeks later.
¶7 Lee had filed suit against Perez in October 2013, and he continued his suit after receiving the policy limits payment from USAA. In January 2015, Perez agreed to a consent judgment in the amount of $1,464,000, and assigned his claims against USAA to Lee. On behalf of Lee, West filed a separate suit that same month alleging bad faith against USAA. The District Court granted West summary judgment, concluding that USAA did not have a reasonable basis in law for conditioning payment of the settlement check. The court held therefore that USAA was liable to Lee for the consent judgment. USAA filed a motion to alter or amend the judgment that was deemed denied when the District Court did not rule. USAA appeals.
STANDARD OF REVIEW
¶8 We review summary judgment rulings de novo, applying the *295 standards set forth in M. R. Civ. P. 56(c)(3). Citizens for a Better Flathead v. Bd. of Cnty. Comm’rs, 2016 MT 256, ¶ 10, 385 Mont. 156, 381 P.3d 555; accord State Farm Mut. Auto. Ins. Co. v. Freyer, 2013 MT 301, ¶ 22, 372 Mont. 191, 312 P.3d 403. Generally, questions of reasonableness are factual matters properly answered by the finder of fact. Estate of Gleason v. Cent. United Life Ins. Co., 2015 MT 140, ¶ 60, 379 Mont. 219, 350 P.3d 349; Freyer, ¶ 48. But an insurer’s reasonableness is a question of law for the court to decide when the insurer’s basis in law is grounded on a legal conclusion and no issues of fact remain in dispute.[1] Estate of Gleason, ¶ 60; Freyer, ¶ 48.
DISCUSSION
¶9 Whether the District Court correctly concluded that USAA did not have a reasonable basis in law for conditioning the settlement check upon resolution of the TRICARE liens.
¶10 Because insurers have the authority under their policies to settle third-party claims, insurers in Montana have a duty to accept reasonable settlement offers within the policy limits. Freyer, ¶ 46. When an insurer acts in bad faith and “fails to settle a bona fide third party liability claim against its insured, within policy coverage limits,” that insurer “takes the risk of a judgment by the trier of fact in excess of the coverage limits.” Freyer, ¶ 47 (citation and internal quotations omitted). An insurer does not act in bad faith, however, and therefore is not liable, “for failing to settle within policy limits when it had a reasonable basis in law or fact for contesting coverage.” Freyer, ¶ 47. In determining whether an insurer has a reasonable basis in law for contesting coverage, “it is first necessary to survey the legal landscape as it existed during the relevant time period.” Freyer, ¶ 48 (citation and internal quotations omitted). The “determinative question” in our inquiry “is whether the law in effect at the time, caselaw or statutory, provided sufficient guidance to signal to a reasonable insurer that its grounds for denying the claim were not meritorious.” Freyer, ¶ 48. We are not to ask whether we agree “with the plaintiff s theories of liability in the underlying suit but, rather, whether the insurer’s grounds for contesting those theories were reasonable under existing law.” Freyer, ¶ 48 (citation and internal quotations omitted).
¶11 Soon after filing her complaint in this action, West moved for *296 summary judgment. She argued that USAA acted in bad faith by failing to promptly settle the claim. USAA responded, arguing on the authority of Freyer that it had a reasonable basis in law to condition payment of the settlement upon resolution of the TRICARE liens. USAA contended that federal law—specifically 42 U.S.C. § 2651—and our decision in Conway v. Benefis Health Systems, Inc., 2013 MT 73, 369 Mont. 309, 297 P.3d 1200, established TRICARE as a secondary payer and obligated USAA either to include TRICARE as a co-payee or to secure a waiver of the liens before making payment to West. Despite Justice Cotter’s assertion to the contrary, Dissent, ¶ 30, USAA has asserted throughout litigation that the principal issue is whether its grounds for conditioning the settlement payment were reasonable under existing law because TRICARE is a secondary payer.
¶12 The District Court recognized as much, identifying the issue before it as follows: “Did USAA engage in bad faith settlement practices by refusing to pay an admitted liability settlement unless TRICARE was named as a co-payee on Lee’s settlement check or TRICARE waived its statutory lien?” The court ruled that USAA lacked a reasonable basis in law to delay payment of policy limits because of the TRICARE liens. The court focused its analysis on USAA’s condition to include TRICARE as a payee on the settlement check. The court first noted that the parties had not identified any cases “addressing this narrow issue.” It rejected USAA’s reliance on Conway, finding the case not directly on point. The court similarly rejected USAA’s comparison of TRICARE to Medicare because it concluded that Medicare and TRICARE statutes and regulations are distinct. Specifically, the court noted that “unlike the automatic first payer liability imposed ... on Medicare, there is no corresponding provision under TRICARE.” Finally, the court rejected USAA’s reliance on 42 U.S.C. § 2651, which governs the United States’ right to recover incurred medical costs from liable third parties and their insurers.
¶13 The court determined that the federal statute would apply only if the United States had commenced litigation or intervened to enforce its liens; in that case, “USAA would have a compelling argument it properly included TRICARE on the settlement check.” The court also determined that although TRICARE sent USAA notice of its claim and requested payment of the liens, “there is no obligation in the TRICARE regulations requiring USAA to protect the government lien.” “Most pertinently,” the court specified, “there is no requirement that USAA name TRICARE on Lee’s settlement check.” As such, the court concluded that “USAA’s unilateral decision [to include TRICARE as a payee on the settlement check] is without support in statute, *297 regulation, or common law.”
¶14 Further, the court noted that Lee expressly agreed to indemnify USAA, but that “USAA made the unilateral decision to condition its legal obligation to settle Lee’s claims on including TRICARE as a settlement check payee.” Such a condition, the District Court concluded, went against Montana’s public policy regarding settlement of insurance claims. The court emphasized, “When an insurer unilaterally adds a payee to a claimant’s settlement check, the insurer substantially delays settlement, imposes onerous obligations not required by law, and creates unreasonable burdens on a claimant to receive funds the insurer is legally obligated to pay.” Such a result, the court concluded, “is hardly what the Montana legislature intended when it obligated insurers to ‘attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.’ ” (Quoting § 33-18-201(6), MCA.) The court therefore held that “USAA’s decision to condition payment on naming TRICARE as a payee of the settlement funds is unreasonable under applicable law.” As a result, the District Court ordered USAA to pay the entire consent judgment.
¶15 First, the District Court correctly recognized that “a TRICARE lien arises under the Medical Care Recovery Act, 42 U.S.C. § 2651(a).” The Air Force’s November 2013 letters to USAA referenced this section in asserting the United States’ “independent right to recover costs.” But the court incorrectly interpreted the statute. The statute broadly provides that, whenever the United States furnishes benefits to a beneficiary who is injured
under circumstances creating a tort liability upon some third person ... to pay damages therefor, the United States shall have a right to recover (independent of the rights of the injured or diseased person) from said third person, or that person’s insurer, the reasonable value of the care and treatment so furnished, to be furnished, paid for, or to be paid for and shall, as to this right be subrogated to any right or claim that the injured [beneficiary] ... has against such third person.
42 U.S.C. § 2651(a). By bestowing upon the United States a right to recover from Perez or USAA, 42 U.S.C. § 2651(a) obligated Perez or USAA to honor the TRICARE liens. The same statute allows the United States to enforce its right to recover by “intervenfing]” in or “institutfing] and prosecutfing] legal proceedings against the third person who is liable for the injury ... or the insurance carrier ... responsible for the payment or reimbursement of medical expenses.” 42 U.S.C. § 2651(d). Contrary to the District Court’s conclusion, *298 USAA’s obligation to honor the liens under § 2651(a) did not depend upon the United States already having pursued judicial enforcement under § 2651(d).
¶16 Second, we disagree with the District Court that Conway offers no guidance here. We concluded in Conway that “federal regulations mandate that TRICARE functions as a secondary payer.” Conway, ¶ 32 (citing 32 C.F.R. § 199.8(a)). TRICARE’s status as a secondary payer means that “where the medical treatment at issue is necessitated as a result of the negligence of an insured third party, any payment originally made by TRICARE must be reimbursed.” Conway, ¶ 32 (citing 32 C.F.R. § 199.8(a), (b)(3)) (emphasis added). TRICARE benefits therefore are not “available to a TRICARE beneficiary where there is third party insurance available to pay the expenses of medical treatment.” Conway, ¶ 32. Conway supports USAA’s contention that it had an obligation to reimburse TRICARE given TRICARE’s status as a secondary payer.
¶17 Third, our conclusion finds additional support in other TRICARE statutes and regulations in effect at the time.[2] The federal statute governing contractor payment of certain claims under TRICARE provides:
(a) Payment of claims.
(1) The Secretary of Defense may authorize a contractor under the TRICARE program to pay a claim described in paragraph (2) before seeking to recover from a third-party payer the costs incurred by the contractor to provide health care services that are the basis of the claim to a beneficiary under such program.
(2) A claim under this paragraph is a claim—
(A) that is submitted to the contractor by a provider under the TRICARE program for payment for services for health care *299 provided to a covered beneficiary; and
(B) that is identified by the contractor as a claim for which a third-party payer may be liable.
(b) Recovery from third-party payers. The United States shall have the same right to collect charges related to claims described in subsection (a) as charges for claims under [10 U.S.C. § 1095].
(c) Definition of Third-Party Payer. In this section, the term “third-party payer” has the meaning given that term in [10 U.S.C. § 1095(h)], except that such term excludes primary medical insurers.
10 U.S.C. § 1095b. Federal regulations confirm that “10 U.S.C. [§]1095b establishes the statutory obligation of third-party payers to reimburse the United States the costs incurred on behalf of TRICARE beneficiaries who are also covered by the third-party payer’s plan.” 32 C.F.R. § 199.12(a).
¶18 In turn, 10 U.S.C. § 1095 provides that “the United States shall have the right to collect from a third-party payer reasonable charges for health care services incurred by the United States on behalf of [a person who is a covered beneficiary].” 10 U.S.C. § 1095(a)(1); accord 42 U.S.C. § 2651(a). Section 1095 defines a “third-party payer” as “an entity that provides an insurance, medical service, or health plan by contract or agreement, including an automobile liability insurance or no fault insurance carrier.” 10 U.S.C. § 1095(h)(1). USAA is clearly a “third-party payer” pursuant to both 10 U.S.C. § 1095b(c) and 10 U.S.C. § 1095(h)(1). These statutes make clear that the United States had “the right to collect from [USAA] reasonable charges for health care services incurred by the United States on behalf of [Lee].” 10 U.S.C. § 1095(a)(1); accord 10 U.S.C. § 1095b(b); 42 U.S.C. § 2651(a).
¶19 More, the federal TRICARE regulations provide: “The only wayfor a third-party payer to satisfy its obligation under 10 U.S.C. [§]1095b is to pay the United States or authorized representative of the United States. Payment by a third-party payer to the beneficiary does not satisfy 10 U.S.C. [§] 1095b.” 32 C.F.R. § 199.12(d)(3). The United States’ right to recover costs incurred on behalf of a TRICARE beneficiary “includes the authority under 10 U.S.C. [§]1095(e)(1) for the United States to institute and prosecute legal proceedings against a third-party payer to enforce a right of the United States under 10 U.S.C. [§]1095b and this section.” 32 C.F.R. § 199.12(g)(1). The United States may also “compromise, settle or waive a claim” of its right to reimbursement. 32 C.F.R. § 199.12(g)(2); 10 U.S.C. § 1095(e)(2).
¶20 These statutes and regulations, “in effect at the time” of USAA’s *300 negotiations with Lee’s counsel, Freyer, ¶ 48, obligated USAA to reimburse TRICARE for the costs TRICARE incurred on behalf of Lee. So USAA issuing a settlement check to Lee would “not satisfy” its statutory obligation. 32 C.F.R. § 199.12(d)(3). Rather, the only way USAA could meet its obligation to reimburse TRICARE was “to pay the United States or authorized representative of the United States.” 32 C.F.R. § 199.12(d)(3). If USAA did not satisfy its statutory obligation, the United States could “institute and prosecute legal proceedings against” USAA to enforce its right to reimbursement. 32 C.F.R. § 199.12(g)(1); 10 U.S.C. § 1095(e)(1);42 U.S.C. § 2651(d). Based on the plain language of the governing statutes and regulations, we conclude that the District Court incorrectly determined that “there is no obligation in the TRICARE regulations requiring USAA to protect the government lien.”
¶21 Justice Cotter takes issue with our reliance on these statutes and regulations because they were not presented to the District Court, nor to West at the time USAA responded to her demand for policy limits. Dissent, ¶¶ 31, 34. USAA’s failure to cite specific statutes and regulations does not mean that those requirements were not part of the “legal landscape as it existed” when USAA conditioned payment of the settlement check upon resolution of the TRICARE liens. Freyer, ¶ 48. Our role is to assess objectively whether it was reasonable for USAA to condition payment—i.e., its “proffered defense”—“in light of that legal landscape.” Freyer, ¶ 48 (emphasis added). West’s argument, in any event, is that because Lee made an offer to indemnify USAA and Perez, the law did not obligate USAA to address the TRICARE liens before settling Lee’s third-party claim, a position that Justice Cotter does not appear to embrace.
¶22 Contrary to West’s argument, neither Lee’s offer to indemnify nor his obligation pursuant to 32 C.F.R. 199.12(h)(3) to “cooperate” with the United States in any reimbursement action by the United States against USAA affects USAA’s statutory obligation to reimburse TRICARE, nor do they impact the United States’ right to recover medical payments from USAA. Any agreement between Lee’s counsel and USAA would not bind the government or exempt USAA from federal law.[3]
*301 ¶23 The District Court was correct that “there is no requirement that USAA name TRICARE on Lee’s settlement check.” As the District Court pointed out, if USAA had tendered the settlement check with TRICARE as a payee, the check would not have been negotiable until an authorized government agent endorsed it, and Lee could have been denied the insurance proceeds he was entitled to receive. As the District Court also observed, Lee’s attorney could not have deposited “the check in his ... IOLTA account until fully endorsed, making it impossible to comply with the Montana Rules of Professional Conduct.”
¶24 As the District Court’s order recognized, USAA did not, however, just condition payment of Lee’s settlement on including TRICARE as a payee on the check—it also gave Lee’s counsel the option of “obtaining] waivers of any lien or negotiatl ing I the liens.” USAA also followed up with the government to determine the status of the liens. F ederal law expressly provides that the United States may “compromise, settle or waive a claim” of its right to reimbursement. 32 C.F.R. § 199.12(g)(2); 10 U.S.C. § 1095(e)(2). The District Court erred in not considering USAA’s request for lien waiver before concluding that USAA did not have a reasonable basis in law to condition payment of the settlement.
¶25 Justice Wheat also misses the import of USAA’s alternative offers for resolving the TRICARE liens. In remarking that USAA “had no lawful basis to refuse to settle Lee’s claim based upon the status of TRICARE’s lien,” Dissent, ¶ 40, Justice Wheat quotes only from the District Court’s observation regarding USAA’s offer to include TRICARE as a settlement check payee. See supra ¶¶ 13-14. His conclusion that “USAA had no legal obligation to protect TRICARE’s lien,” Dissent, ¶ 40, fails to acknowledge the governing law.
¶26 The District Court properly invoked Freyer as the correct framework for analysis. Applying that framework to determine whether USAA had a reasonable basis in law for contesting Lee’s claim, we have “survey[ed] the legal landscape as it existed during the relevant time.” Freyer, ¶ 48 (emphasis added). That landscape compels a conclusion that USAA did have a reasonable basis in law to condition its settlement payment on waiver of the TRICARE lien from the United States. The “only way” for USAA to satisfy its statutory *302 obligation to TRICARE—the secondary payer—was to pay the United States, not to pay Lee. 32 C.F.R. § 199.12(d)(3); see Conway, ¶ 32. If USAA had not honored the lien, the United States presumably still could have gone after USAA to enforce its right to reimbursement. 32 C.F.R. § 199.12(g)(1); 10 U.S.C. § 1095(e)(1); 42 U.S.C. § 2651(d). The law “provided sufficient guidance to signal to a reasonable insurer that its grounds ... were ... meritorious.” Freyer, ¶ 48. This is especially so given “the absence of caselaw on point.” See Freyer, ¶ 48. Accordingly, we hold that USAA’s “grounds [for conditioning payment] were reasonable under existing law.” Freyer, ¶ 48.
¶27 Although USAA did not move for summary judgment before the District Court, “[w]e require no cross-motion ... when the moving party had a full and fair opportunity to consider the proposition and all other criteriafor summary judgment are met.” Watson v. Dundas, 2006 MT 104, ¶ 30, 322 Mont. 164, 136 P.3d 973 (citing Canal Ins. Co. v. Bunday, 249 Mont. 100, 108, 813 P.2d 974, 979 (1991)). West had a full and fair opportunity to argue the law applicable to her bad faith claim, there are no genuine issues of material fact, and USAA is entitled to judgment as a matter of law. We therefore reverse the District Court’s grant of summary judgment in favor of West and order it to enter summary judgment in favor of USAA. See Bunday, 249 Mont. at 108, 813 P.2d at 979.
CONCLUSION
¶28 The District Court’s order granting summary judgment to West is reversed and the case is remanded to the District Court for entry of judgment in favor of USAA.
CHIEF JUSTICE McGRATH, JUSTICES McKINNON, SHEA and RICE concur.

 Throughout the case, West has contended that no fact issues exist and that the case presents only questions of law. During oral argument before this Court, counsel for USAA agreed.

 We are unpersuaded by West’s argument that we cannot consider statutes and regulations that were not cited by USAA in its briefing on summary judgment. Although we generally do not address an issue raised for the first time on appeal or a party’s change in legal theory, “we have permitted parties to bolster their preserved issues with additional legal authority or to make further arguments within the scope of the legal theory articulated to the trial court.” State v. Montgomery, 2010 MT 193, ¶ 12, 357 Mont. 348, 239 P.3d 929. TRICARE’s lien rights and USAA’s corresponding obligations were the focus of the legal theory that USAA presented to the trial court. And the District Court is not confined in its summary judgment review—nor is this Court on appeal—to authorities presented in the parties’ briefs. See Junkermier, Clark, Campanella, Stevens, P.C. v. Alborn, Uithoven, Riekenberg, P.C., 2016 MT 218, ¶ 22, 384 Mont. 464, 380 P.3d 747. Besides, as explained above, the District Court erred in its analysis of the legal authority that USAA did present.

 We note that the State Bar of Montana Ethics Committee recently issued an ethics opinion concluding that an attorney should not agree in a settlement release to personally indemnify an insurer from any lien claims against the settlement proceeds for a plaintiffs medical expenses. M. Bar Ass’n, Ethics Op. 131224 (2013). The opinion *301 notes that “[t]his practice presents a number of professional responsibility challenges” and potentially violates multiple rules under the Montana Rules of Professional Conduct. M. Bar Ass’n, Ethics Op. 131224, at 3-7. Because our resolution of the appeal does not turn on the issue of indemnification, we do not discuss the ethics opinion here.