**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

KENNETH B. COLEMAN; STEVEN A. BLINCO; GERALDINE M. MCKINNEY; STANLEY L. SCHOPP; JUDY WOLLER, a Personal Representative of the Estate of Ronald L. Woller; EILEEN M. AMUNDSON; GERALD R. BACKEN; SHEILA R. BARTZ; ALAN G. BEAULIEU; JAMES F. BEAULIEU; JAMES BROOKS, as Personal Representative for the Estate of Michael E. Brooks; ALICE L. COLLIER; DARRELL DOUBEK, as Personal Representative for the Estate of Donald J. Doubek; GLEN R. DOUBEK; BONNIE S. DREWS; MILLIE L. DUFF; ROBERT L. FISCUS; CATHY M. HAINES; JAMES L. HAINES; TROY D. HERMSMEYER; REGINA R. HOVLAND; MARK D. INGRAHAM; JAY JORDAN; MORRIS M. KAIR; MARDELLE C. KEEFER; KATHRINE J. KITTILSON; JOHN W. LOYD; LINDA J. LOYD; EVA M. MCELMURRY; ARDITH C. MYHRE; JULIE A. OLDHAM; JIM B. O'NEILL; SUE C. O'NEILL; JEANETTE M. PETRUSHA MCELROY; JULIE A. RANDLES; ANITA M. SHORT; JAMES R. SHORT; JAMES E. SMITH; STEVEN T. SNYDER; MICHAEL L. ST. ONGE; JOHN D. STARKE; MARY A.

No. 25-4982

D.C. No.
4:19-cv-00039-JTJ

MEMORANDUM[*]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

STINEBACK; RICHARD A. THOM; CHERYL L. TITUS; ALLEN R. VAN HORN; SCOTT A. WESTLUND; DANNY W. WILLIAMS; PAUL R. WILLIAMS; SHARON M. WITTLAKE; MOLLY J. WOODRUFF; MARTIN O. BOWER; JERRY E. MCDONALD,

Plaintiffs - Appellants,

v.

NATIONAL INDEMNITY COMPANY,

Defendant - Appellee.

Appeal from the United States District Court
for the District of Montana
John T. Johnston, Magistrate Judge, Presiding

Argued and Submitted June 10, 2026
Portland, Oregon

Before: CHRISTEN, HURWITZ, and BADE, Circuit Judges.

Plaintiffs-Appellants were exposed to asbestos from the W.R. Grace vermiculite mine in Libby, Montana between 1973 and 1975. During this period, Defendant-Appellee National Indemnity Company insured the State of Montana under a general liability policy. *See Nat'l Indem. Co. v. State*, 499 P.3d 516, 520 (Mont. 2021). National and Montana disputed for years whether the policy covered claims made against the State arising out of asbestos exposure in Libby. *See generally id.*; *Orr v. State*, 106 P.3d 100 (Mont. 2004). While this dispute was

ongoing, Plaintiffs filed actions against Montana, which settled in 2017 and 2019.

In this diversity action, Plaintiffs allege that National delayed providing coverage to Montana in bad faith and that this "coverage darkness" caused their settlements to be lower than they otherwise might have been. *See* Mont. Code. Ann. § 33-18-201(1), (4), (5), (6), (13). The district court granted National's motion to dismiss, finding that the insurer had a reasonable basis to contest coverage. *See id.* § 33-18-242(6). We have jurisdiction under 28 U.S.C. § 1291 and, reviewing de novo, *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021), we affirm the judgment of the district court.

1.      Under Montana law, an insurer does not act in bad faith if it "had a reasonable basis in law or in fact for contesting the claim." Mont. Code Ann. § 33-18-242(6); *Palmer by Diacon v. Farmers Ins. Exch.*, 861 P.2d 895, 901 (Mont. 1993) (explaining that the reasonable basis defense applies both to bad faith claims under § 33-18-242 and common law). Plaintiffs assert that National delayed settlement of their claims in bad faith because Montana's liability was clear. *See* Mont. Code. Ann. § 33-18-201(6), (13). But "[w]ithout coverage, a duty to settle does not arise, even if the facts of the accident indicate that the insured's liability, i.e., [its] negligence, is reasonably clear." *State Farm Mut. Auto. Ins. Co. v. Freyer*, 312 P.3d 403, 422 (Mont. 2013); *see also West for Lee v. United Servs. Auto. Ass'n*, 384 P.3d 58, 61 (Mont. 2016) (same).

The Montana Supreme Court's 2021 decision in *National Indemnity Co. v. State* confirms that National had a reasonable basis to contest coverage of Libby mine claims. 499 P.3d at 538-41. The court carefully analyzed National's argument that asbestos injuries were a known loss excluded from coverage. *See id.* at 538 ("It is well-accepted that insurance does not cover known losses." (cleaned up)). In so arguing, National relied on *Orr*, a 2004 Montana Supreme Court decision holding that Montana had a duty to mine workers because it "*knew* as a result of its inspections that the Mine's owner was doing nothing to protect the workers." *Id.* (quoting *Orr*, 106 P.3d at 109).

Although the state supreme court rejected National's reading of *Orr*, *see id.* at 538-41, it did not find National's argument "wholly unreasonable," *Safeco Ins. Co. v. Ellinghouse*, 725 P.2d 217, 223 (Mont. 1986). Far from it. The court acknowledged that *Orr* "lends itself to the argument" that Montana "should have expected the hazards of asbestos would result in injury." *Nat'l*, 499 P.3d at 541. The court nonetheless concluded that the asbestos injuries did not fall within the policy exclusion for known losses, distinguishing "between a risk that is *foreseeable . . .* and a loss that is *known*." *Id.* at 538. But the court did not cite Montana precedent for this proposition. *See id.* at 538-41. "In the absence of caselaw on point," Montana courts have often held that an insurer had a reasonable basis to advance a coverage argument. *Freyer*, 312 P.3d at 419; *see also West for Lee*, 384 P.3d at 65 (same);

*Redies v. Att'ys Liab. Prot. Soc'y*, 150 P.3d 930, 941-42 (Mont. 2007) (holding that an insurer had a reasonable basis to contest coverage even though its position had been "called . . . into doubt twenty years before" because the law was not yet "decidedly against" it). And without a case on point, it "was clearly not unreasonable" for National to rely on *Orr*, a Montana Supreme Court case addressing Libby mine claims. *Freyer*, 312 P.3d at 421.

Reasonableness depends on "the legal landscape as it actually existed during the parties' negotiations." *Redies*, 150 P.3d at 939 (emphasis omitted). Montana's coverage under the policy plainly remained "an open question" when Plaintiffs settled their claims against Montana in 2017 and 2019. *Id.* The Montana Supreme Court in 2021 quoted *Orr* for the proposition that the Libby mine litigation involved "complex legal issues," "difficult questions presented by industry standards forty years old," and "novel questions of law." *Nat'l*, 499 P.3d at 539 (quoting *Orr*, 106 P.3d at 118). It also acknowledged that the relevant law is "arguably susceptible to different interpretations." *Id.* (quoting *Orr*, 106 P.3d at 118). Indeed, one justice offered a different view of coverage in a well-reasoned dissent. *See id.* at 551-56 (McKinnon, J., dissenting).

Because National's coverage arguments were based on "debatable law" and "not wholly unreasonable," *Ellinghouse*, 725 P.2d at 223, the district court did not err in concluding that National had a reasonable basis to contest coverage and

dismissing Plaintiffs' bad faith claims under common law and Mont. Code Ann. § 33-18-242(6).

2.     Plaintiffs argue that, even if National had reasonable legal defenses, a jury still must determine whether it subjectively relied on those defenses. But an insurer is not liable for bad faith if it "had a reasonable basis in law or in fact," *id.*, and "whether an insurer was reasonable in its interpretation of legal precedent in its coverage determination [is] a question of law for the court," *Freyer*, 312 P.3d at 419. In *Redies*, the Montana Supreme Court rejected the argument that a jury must evaluate whether reasonable legal defenses were presented in order to delay. 150 P.3d at 943-44.

*Estate of Gleason v. Central United Life Insurance Co.*, 350 P.3d 349 (Mont. 2015), upon which Plaintiffs rely, is not to the contrary. That case involved a factual dispute about whether an insurer denied late-filed claims based on a "nationwide policy" rather than an analysis of Montana law. *Id.* at 359. Plaintiffs do not plausibly plead that National disregarded or failed to investigate Montana law in asserting its coverage defenses. Indeed, in the coverage action, which National filed close in time to Plaintiffs' actions against Montana, National relied heavily on the Montana Supreme Court's decision in *Orr*. See *Nat'l*, 499 P.3d at 520-56.[1]

---

[1]    Because we conclude that National is not liable for bad faith, we do not address the district's court alternative conclusion that dismissal was warranted based on judicial admissions and judicial estoppel. *See INS v. Bagamasbad*, 429 U.S. 24,

3.     The district court also did not err in dismissing Plaintiffs' claim for disgorgement. As Plaintiffs acknowledge, disgorgement is not a cause of action but instead a remedy for unjust enrichment. To establish unjust enrichment, a plaintiff must confer a benefit on the defendant, who knowingly retains it when it is "inequitable" to do so. *Mont. Digit., LLC v. Trinity Lutheran Church*, 473 P.3d 1009, 1012 (Mont. 2020). As an equitable remedy, unjust enrichment is generally available only when no adequate legal remedy exists. *Id.*

Plaintiffs had an adequate legal remedy. As the district court emphasized, Montana provides a cause of action for "actual damages" for insurer bad faith. Mont. Code Ann. § 33-18-242(1). And it was Montana, not Plaintiffs, that conferred a benefit on National by paying insurance premiums. Moreover, as we hold today, National had "an adequate legal basis" for retaining potential settlement funds while reasonably contesting coverage. *Mountain Water Co. v. Mont. Dep't of Revenue*, 469 P.3d 136, 143 (Mont. 2020) (cleaned up).

**AFFIRMED.**

---

25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").